UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>                    Plaintiff,<br><br>         v.<br><br>EXPEDITORS INTERNATIONAL OCEAN, INC.,<br><br>                    Defendant. | CASE NO. C19-1586JLR<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND ORDER TO SHOW CAUSE |

## I.   INTRODUCTION

Before the court is Defendant Expeditors International Ocean, Inc.'s motion for partial summary judgment.[1] (*See* Mot. (Dkt. # 12); *see also* Reply (Dkt. # 16).) Plaintiff

---

[1] The court acknowledges that Expeditors International Ocean, Inc. alleges that it is "not a proper party to this action" and that Expeditors International of Washington, Inc. should be the named defendant in this action. (*See* Mot. at 2.) For purposes of Defendant's motion for partial summary judgment, however, the court refers to Defendant Expeditors International Ocean, Inc. and non-party Expeditors International of Washington, Inc. collectively as "Expeditors." The

ORDER - 1

National Union Fire Insurance Company of Pittsburgh, PA ("National Union") opposes the motion. (*See* Resp. (Dkt. # 14).) The court has considered the motion, the parties' submissions in support of and in opposition to the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Expeditors' motion for partial summary judgment without prejudice to Expeditors' ability to re-raise the motion after National Union has had an opportunity to conduct discovery and ORDERS National Union to show cause why this case should not be dismissed.

## II.   BACKGROUND

This is a breach of contract and negligence action related to damage to a cargo shipment that occurred during a shipment from Huangpu, China to Tokyo, Japan in September and October 2018. (*See* Am. Compl. (Dkt. # 4) ¶¶ 5-9.[2]) National Union is a cargo insurer subrogated to the rights of non-party Herman Miller Japan Ltd ("Herman Miller"). (*Id.* ¶ 1.) Herman Miller and its shipper and consignor Foshan Nanhai Chiengyeng Plastic & Hardware Co., Ltd. ("Foshan"), contracted with Expeditors for the carriage of a container of furniture from China to Japan via the issuance of sea waybill No. 61X8057505 (the "Sea Waybill") to Foshan on September 12, 2018. (*See* Gillespie

---

court addresses Defendant Expeditors International Ocean, Inc.'s claim that it is not a proper defendant in this action in its order to show cause, below. *See infra* § III.B.

[2] The court is aware of the general rule that unverified allegations in pleadings do not themselves create genuine disputes of material fact on summary judgment. *See Moran v. Selig*, 447 F.3d 748, 759 (9th Cir. 2006); *James v. FPI Mgmt., Inc.*, No. C18-0998RSM, 2019 WL 6468552, at *2 (W.D. Wash. Dec. 2, 2019) ("[A] plaintiff cannot rely on the allegations of its unverified complaint to create genuine disputes of material facts."). However, the court relies on the pleadings solely to provide background details about this lawsuit and not as substantive evidence in support of the cross-motions for summary judgment.

1 Decl. (Dkt. # 12) ¶ 3, Ex. 1 at 5 ("Sea Waybill").)  National Union alleges that the cargo
2 was delivered to Expeditors in good condition and then subsequently water damaged
3 during shipment to Japan.  (Am. Compl. ¶¶ 6-8.)

### III.   ANALYSIS

**A.   Motion for Partial Summary Judgment**

In the current motion, Expeditors alleges that it is entitled to limit its liability for any damage that occurred during the shipment pursuant to Expeditors' standard terms and conditions (the "Terms and Conditions"), which Expeditors claims are incorporated into the parties' agreement via the Sea Waybill.  (*See* Mot. at 1, 7-9, 12-13; *see also* Gillespie Decl. ¶ 3, Ex. 1 at 6-24 ("T&C").)  National Union opposes Expeditors' motion on the merits (*see* Resp. at 7-13), but also argues that the court should defer or deny Expeditors' motion pursuant to Federal Rule of Civil Procedure 56(d) because Expeditors failed to adequately disclose its limitation of liability defense and the Terms and Conditions, which has allegedly prevented National Union from conducting discovery on this issue (*see id.* at 5-7); Fed. R. Civ. P. 56(d).  Accordingly, National Union requests 60 days to take discovery on the limitation of liability issue presented by Expeditors' motion.  (*See* Resp. at 5-7.)

The court agrees with National Union that additional time for discovery is warranted.  Under Rule 56(d), if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:  (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  Fed. R.

1  Civ. P. 56(d).  A Rule 56(d) "continuance of a motion for summary judgment for

2  purposes of discovery should be granted almost as a matter of course unless the non-

3  moving party has not diligently pursued discovery of the evidence."  *Burlington N. Santa*

4  *Fe R.R. Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d

5  767, 773-74 (9th Cir. 2003) (internal quotation marks and citations omitted).

6        The court concludes that National Union is entitled to additional time to take

7  discovery related to Expeditors' limitation of liability defense.  Counsel for National

8  Union states that "National Union did not know until the filing of this motion that the

9  issue of the [limitation of liability defense] was an issue in this case."  (*See* Reno Decl.

10  ¶ 12.)  The record supports that claim.  The answer pleads only a boilerplate limitation of

11  liability affirmative defense.  (*See* Ans. (Dkt. # 11) at 4, ¶ 15 ("The extent of plaintiff's

12  recoverable damages, if any, is limited by contract and statute.").)  Expeditors did not

13  produce the Terms and Conditions in its initial disclosures, despite Rule 26's requirement

14  that a party produce any document that it "may use to support its claims or defenses."

15  Fed. R. Civ. P. 26(a)(1)(A)(ii); (Reno Decl. ¶ 7, Ex. 4).  And although the parties' joint

16  status report listed the "[n]ature and extent of damages" as one of the relevant categories

17  of discovery, Expeditors did not offer any specifics about the contractual limitation of

18  liability issue in that status report.  (*See* JSR (Dkt. # 9) at 2.)

19        The court acknowledges that National Union's showing regarding what relevant

20  evidence it believes it might discover is rather vague.  (*See* Resp. at 6 ("Discovery on

21  those [limitation of liability] issues would have required, for example, depositions of the

22  cargo shipper in China, the consignee in Japan, an expert report on Chinese maritime law,

or at a minimum, interrogatories and requests for production directed to Expeditors locally on the issue of the package limitation defense.”).) The problem, however, is that National Union has not been able to take any discovery on the limitation of liability issue because Expeditors did not adequately disclose it. National Union’s response identifies a list of sources from which it believes it might obtain relevant discovery on this issue. (*See id.*) Affording National Union an opportunity to discover information from those sources is preferable to deciding Expeditors’ motion on a record that could be incomplete. Further, the court notes that the parties recently stipulated to extend the case schedule in this matter. (*See* Stip. Mot. (Dkt. # 17).) As a result of the parties’ stipulation, the discovery deadline in this case is not until November 15, 2021, dispositive motions are not due until December 14, 2021, and trial in this matter is not until March 14, 2022. (*See* Am. Sched. Order (Dkt. # 19) at 1-2.) Thus, granting National Union’s request for an additional 60 days for discovery will not meaningfully impact the schedule in this matter.

Finally, the court concludes that denying Expeditors’ motion without prejudice to refiling it after National Union has been afforded sufficient time to conduct discovery is preferable to deferring ruling on the motion. *See* Fed. R. Civ. P. 56(d) (noting that the court may “defer considering the motion or deny it”). If the parties uncover relevant information during discovery, that information will likely impact the parties’ arguments on the limitation of liability issue. Thus, both parties should be afforded an opportunity to re-brief these issues as necessary after additional discovery. Accordingly, the court DENIES Expeditors’ motion for partial summary judgment without prejudice to

1  Expeditors' ability to re-file the motion after the lapse of 60 days from the filing date of
2  this order.

3  **B.      Order to Show Cause**

4        In its motion, Defendant Expeditors International Ocean, Inc. alleges that
5  Expeditors International of Washington, Inc. should be the named defendant in this
6  action.  (*See* Mot. at 2.)  In a footnote in its response, National Union "thanks Expeditors
7  for its clarification" and advises the court that "the error will be corrected shortly."
8  (Resp. at 1 n.1.)  Thus, it appears that the parties agree that this case is proceeding against
9  the wrong defendant.  To date, however, neither party has taken any action to bring
10 Expeditors International of Washington, Inc. into this litigation.  (*See generally* Dkt.)
11       Accordingly, the court ORDERS National Union to show cause within 14 days of
12 the filing date of this order why this case should not be dismissed.  Although Defendant
13 Expeditors International Ocean, Inc. need not respond to the order to show cause, given
14 that the parties appear to agree that Expeditors International of Washington, Inc. should
15 be the named defendant, the court encourages the parties to cooperate in resolving this
16 issue.

17       **IV.     CONCLUSION**

18       For the reasons set forth above, the court DENIES Expeditors' motion for partial
19 summary judgment (Dkt. # 12) without prejudice to refiling the motion after the lapse of
20 60 days from the filing date of this order.  The court also ORDERS National Union to
21 //
22 //

1  show cause within 14 days of the filing date of this order why this case should not be

2  dismissed for failure to name the proper defendant.

3  Dated this 23rd day of October, 2020.

*[signature]*

JAMES L. ROBART
United States District Judge

ORDER - 7